MELLOR (FRANCIS v.). See Case No. 5.039.

MELLOR (LOUTREL v.). See Case No. 5,-039.

## Case No. 9,403.

### MELLUS v. HOWARD.

[2 Curt. 264.] [1]

Circuit Court, D. Massachusetts. May Term, 1855.

PRACTICE IN EQUITY—TAKING OF EVIDENCE—TIME RULE—WAIVER.

Where a time rule has been waived by the parties, and no other substituted, some special order must be obtained. on motion, before either party can force the other to proceed.

[This was a bill by Henry Mellus against William D. M. Howard asking that certain conveyances between the parties be set aside, and for an accounting and settlement to the plaintiff as partner in the firms of Mellus & Howard and Mellus, Howard & Co.]

In this case, F. C. Loring, for respondent, moved for an order of publication of the evidence in an equity suit. It appeared that the three months, allowed by the 69th rule for taking evidence having expired, both parties, without obtaining any order from a judge enlarging the time, had taken out commissions and proceeded to take evidence. The respondent now insisted that the complainant had had time enough to take his evidence, and that due diligence had not been used by him. The complainant asserted that he had used all possible diligence, and had not been able to obtain his needful evidence.

F. C. Loring, for the motion.

J. M. Bell (with whom was C. B. Goodrich), contra.

[1] [Reported by Hon. B. R. Curtis, Circuit Justice.]

CURTIS, Circuit Justice. The parties have, by mutual consent, waived the 69th rule; and there is no other general rule of practice limiting the time within which evidence is to be taken. The respondent now asks me to declare that his opponent has had time enough to take his evidence, and to give effect to this declaration, by ordering publication, and thus cutting him off from the production of further evidence. I can make no such declaration. I cannot undertake, in this summary way, to pass on the rights of parties, and finally conclude them, on my ex post facto view of their conduct of their cause, guided by no rule whatever. This is too broad a discretion to be exercised in any case where it can be avoided. I think the party has a right to know, beforehand, what time is allowed him to take his evidence. And where the only rule fixing a limit of time has been dispensed with, by mutual consent, some other rule, to operate prospectively, must be made, before the party can be put in default.

In the great liberality, not to say laxity, of practice, which exists in this circuit, I have frequently had occasion to consider this matter; and I desire now to say, that where a time rule is waived by mutual consent, either express, or implied from the conduct of the parties, some other rule, prospective in point of time. must be obtained on motion, by special order of the court, before one party can force the other to proceed.

[NOTE. The respondent, W. D. M. Howard, died in 1856. The complainant then filed his bill of revivor against Joseph P. Thompson and others, administrators of Howard. Service was had on Thompson. who appeared. and filed a special plea to the jurisdiction. The plaintiff demurred to the plea. The case was then heard upon the demurrer, which was overruled, and the plea to the jurisdiction sustained. Case No. 9,405.]